IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
08/13/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

YARIANNY VALERIA SILVA NAVEDA,[1]        )
                                          )
                 Petitioner,              )
                                          )
        v.                                )   Case No. 26-3229-JWL
                                          )
MISTY MACKEY, Warden,                     )
        Midwest Regional Reception Center;)
SAMUEL OLSON, ICE Field Office Director;  )
TODD LYONS, Acting Director, ICE;         )
MARKWAYNE MULLIN, Secretary, DHS; and     )
TODD BLANCHE, Acting Attorney General,    )
                                          )
                 Respondents.             )
                                          )
_____ )

**ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which she challenges her detention by immigration officials. In that petition, petitioner claimed that her parole was improperly terminated, in violation of due process and 8 C.F.R. § 212.5(e)(2), and that she is therefore entitled to be released again on parole. Petitioner argued that she should not be deemed subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because of that entitlement to release on parole. Petitioner did not argue in the petition that she should be deemed detained pursuant to 8 U.S.C. § 1226(a),

---

[1] The original petition spelled petitioner's name as Ms. Silva Neveda, and the case was therefore docketed and captioned as such. The reply brief's caption and body refer to petitioner as Ms. Silva Naveda, which matches the spelling in petitioner's exhibits. The Court has therefore adjusted the docket and caption to reflect the correct spelling.

which allows for discretionary release on bond; nor did petitioner cite applicable precedent holding that an alien paroled into the United States and detained years later is not subject to mandatory detention under Section 1225(b)(2).  In their answer to the petition, respondents note that officials complied with the applicable regulation for termination of parole, as petitioner's parole was automatically terminated without notice upon expiration of the authorized parole time in September 2025, and the regulation's requirement of re-release on parole (unless public interest requires otherwise) would not apply here in the absence of a removal order for petitioner.  *See* 8 C.F.R. § 212.5(e)(1)-(2).

Petitioner has changed the nature of her claim in her reply brief.  Petitioner now states that she is not asking the Court to review any discretionary decision by officials not to renew her parole, but that she instead challenges the statutory authority for petitioner's present detention without an individualized custody determination.  The Court therefore deems abandoned any claim that officials violated the law by terminating petitioner's parole or by failing to release her again on parole.

Petitioner now argues that, because she was not recently detained as an alien newly arriving in the United States, her detention (upon termination of her parole) does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner; but instead is governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond.  She cites *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.), and *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), in which this Court and then the Tenth Circuit rejected the Government's interpretation of Section 1225(b)(2)

2

that would impose mandatory detention on aliens detained after having entered the United States years before.  Moreover, this Court has held that the reasoning of those cases applies in the case of an alien, such as petitioner here, who was paroled into the United States and who has applied for asylum.  *See Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.).  If the Court were to follow that precedent in this case, it would conclude that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a); and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

The Court ordinarily would not entertain such a claim without allowing the Government the opportunity to address why that precedent should not apply here. Accordingly, respondents may file a supplemental response brief addressing that issue on or before **August 17, 2026**.  If respondents file such a brief, petitioner may file a supplemental reply brief on or before **August 21, 2026**.

IT IS SO ORDERED.

Dated this 13th day of August, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

3