IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
08/20/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

YARIANNY VALERIA SILVA NAVEDA,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
SAMUEL OLSON, ICE Field Office Director;
TODD LYONS, Acting Director, ICE;
MARKWAYNE MULLIN, Secretary, DHS; and
TODD BLANCHE, Acting Attorney General,

Respondents.

Case No. 26-3229-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which she challenges her detention by immigration officials. For the reasons set forth below, the Court **grants the petition in part and denies it in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **August 27, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

Petitioner, a native of Venezuela, was paroled into the United States in September 2023, authorized until September 9, 2025. She was detained by immigration officials on

January 9, 2026, and she remains in custody within this judicial district pending removal proceedings.

To obtain habeas corpus relief, petitioner must demonstrate that she is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). In her petition, petitioner claimed that her parole was improperly terminated, in violation of due process and 8 C.F.R. § 212.5(e)(2), and that she is therefore entitled to be released again on parole. Petitioner argued that she should not be deemed subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because of that entitlement to release on parole. Petitioner did not argue that she should be deemed detained pursuant to 8 U.S.C. § 1226(a), which allows for discretionary release on bond; nor did petitioner cite applicable precedent holding that an alien paroled into the United States and detained years later is not subject to mandatory detention under Section 1225(b)(2). In their answer to the petition, respondents noted that officials complied with the applicable regulation for termination of parole, as petitioner's parole was automatically terminated without notice upon expiration of the authorized parole time in September 2025, and the regulation's requirement of re-release on parole (unless public interest requires otherwise) would not apply here in the absence of a removal order for petitioner. *See* 8 C.F.R. § 212.5(e)(1)-(2).

Petitioner changed the nature of her claim in her reply brief. Petitioner stated that she is not asking the Court to review any discretionary decision by officials not to renew her parole, but that she instead challenges the statutory authority for petitioner's present detention without an individualized custody determination. Because respondents had not had the opportunity to respond to that new claim, the Court ordered supplemental briefing,

which has now been completed. It also deemed abandoned any claim that officials violated the law by terminating petitioner's parole or by failing to release her again on parole.

Thus, petitioner now argues that, because she was not recently detained as an alien newly arriving in the United States, her detention (upon termination of her parole) does not fall within the scope of Section 1225(b)(2)(A), but instead is governed by Section 1226(a); and that her detention without any consideration of release on bond violates these statutes.[1] In cases involving the same issue, this Court has rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court has ordered relief in the form of a bond hearing under Section 1226(a). *See, e.g.*, *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). The Court has also held that that reasoning applies in the case of an alien, such as petitioner here, who was paroled into the United States and who has applied for asylum. *See Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.). The Tenth Circuit has now rejected the Government's interpretation as well. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026).

Respondents argue that, upon termination of parole, petitioner should once again be deemed subject to mandatory detention under Section 1225(b)(2); however, respondents have not provided any reason why the facts of the present case are materially

[1] Petitioner also claims that her detention without an individualized custody determination violates due process. In light of the Court's conclusion that petitioner is entitled to bond consideration under the statutes, it need not reach that issue.

distinguishable from those in *Khudyi.* Thus, pursuant to *Santillan Quiroz*, and for the same reasons set forth in that case and in the Court's opinions in *Galdamez Orellana* and *Khudyi*, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

With respect to the relief for this violation, the Court denies petitioner's requests for release or for a bond hearing under particular terms. For the same reasons cited by this Court and by the Tenth Circuit, *see Santillan Quiroz*, 180 F.4th at 1251 n.13; *Galdamez Orellana*, 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is to require simply that petitioner be granted a bond hearing as if detained under Section 1226(a). Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **August 27, 2026**.[2]

---

[2] Respondents have not argued or provided evidence that a hearing could not be conducted within that timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.

Finally, in two supplemental replies, petitioner asserts yet another new claim. She states that she has been given notice of an August 31, 2026, appointment with respect to her application for a green card, and she contends that due process requires her outright release so that she may keep that appointment. The Court denies this new claim. Petitioner has not cited any authority supporting the contention that due process forbids her detention by immigration officials under the applicable statute if she is pursuing other relief that is collateral to her removal proceedings. If petitioner is found to be suitable for release on bond, pursuant to the relief granted herein, she should be able to attend that hearing; if she is in fact not suitable for release on bond, due process does not require her release nonetheless.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part and denied in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **August 27, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

IT IS SO ORDERED.

Dated this 20th day of August, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge